UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-                      **MEMORANDUM AND ORDER**
                                        03-CR-0824 (FB)
KHALIQ ZAMAN,

                Defendant.
---------------------------------------------------x

*Appearances:*

| | |
|---|---|
| *For the United States:* | *For the Defendant:* |
| LORETTA E. LYNCH, ESQ. | KRISTIAN K. LARSEN, ESQ. |
| United States Attorney | Larsen Advocates, P.C. |
| Eastern District of New York | 104 1st Place |
| 271 Cadman Plaza East | Brooklyn, New York 11231 |
| Brooklyn, New York 11201 | |

By:   BETH P. SCHWARTZ, ESQ.
        Assistant United States Attorney

**BLOCK, Senior District Judge:**

On October 31, 2014, Khaliq Zaman ("Zaman") submitted a letter requesting that the Court reduce his outstanding restitution obligation – which stands at approximately $84,000 – to one lump-sum payment of $8,500, calculated as the "net present value" of the amount of restitution Zaman would pay under his current payment schedule if he lived until the age of 81. The government opposed Zaman's request on the grounds that the Court lacks jurisdiction to reduce the amount of restitution imposed at sentencing. On December 23, 2014, the Court requested supplementary briefing on

whether it had the authority to honor Zaman's request.

Having considered the parties' submissions, the Court concludes that it lacks jurisdiction to reduce Zaman's restitution judgment and must therefore deny his request. First, Zaman's restitution was entered pursuant to the Mandatory Victims Restitution Act ("MVRA"),[1] which provides that a restitution judgment may only be modified in narrow circumstances not present in this case. *See* 18 U.S.C. § 3664(o); *see also United States v. Baudanza*, No. 06-CR-0181, 2014 WL 795639, at *4 (E.D.N.Y. Feb. 27, 2014) ("[T]he district court's jurisdiction to vacate or modify a restitution order once issued is quite limited.").

Second, Zaman's reliance on *United States v. Kyles*, 601 F.3d 78 (2d Cir. 2010) is misplaced. While the *Kyles* Court acknowledged that a district court retains equitable authority under the Victim and Witness Protection Act ("VWPA") to modify a payment *schedule*, the Second Circuit was careful to note that such equitable authority did not extend to modifying the *amount* of restitution, which forms a component of the criminal sentence and thus "may not [be] alter[ed] . . . except in narrow circumstances"

---

[1] Zaman's argument that he was in fact sentenced pursuant to the Victim and Witness Protection Act is unavailing. The MVRA applies, *inter alia*, to a defendant convicted of "an offense against property . . . including any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii). Zaman's conviction for filing a fraudulent bankruptcy petition was clearly "committed by fraud" and is clearly an "offense against property" because it deprived financial institutions of their property – in this case money – by voiding his debt to those institutions. *See United States v. Abdelbary*, 746 F.3d 570, 573 (4th Cir. 2014) (noting that bankruptcy fraud is an "offense against property" under the MVRA).

delineated by statute. *Id.* at 83.

Finally, the Court notes that Zaman, in his supplementary briefing papers, requests in the alternative that the Court reduce his payment schedule because of his ongoing medical problems with his back and shoulders. This request must also be denied. While a district court may modify a restitution payment schedule due to a "material change in the defendant's economic circumstances," 18 U.S.C. § 3664(k), a change of this sort "is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000). Here, Zaman alleges only that his medical problems may *in the future* interfere with his ability to work as a general contractor. *See* Defendant's Mem. of L., Docket Entry No. 31 (Jan. 26, 2015), at 8 ("[Zaman] simply will not be able to continue this type of work as he more closely approaches 60."). This kind of anticipated change in economic circumstances does not justify modification of a restitution payment schedule. *See United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005) ("It may well be that [the defendant's] future economic circumstances will be materially adversely affected. However, the district court did not abuse its discretion in concluding that this factor does not require an adjustment to the payments [the defendant] must currently make to the victim of his crimes.").

For the foregoing reasons, Zaman's request for a reduction of his restitution

judgment and payment schedule is denied.

       **SO ORDERED.**

                                        /s/ Frederic Block_____
                                        FREDERIC BLOCK
                                        Senior United States District Judge

Brooklyn, New York
February 24, 2015